UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO 0:19-CV-61467-WPD

JOSIE WILLIAMS,
individually and on behalf of all others
similarly situated,

**CLASS ACTION**

*Plaintiff,*

v.

CGCG REAL ESTATE, LLC d/b/a KELLER
WILLIAMS CORAL GABLES-COCONUT
GROVE,

*Defendant,*

_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, CGCG REAL ESTATE, LLC d/b/a KELLER WILLIAMS CORAL GABLES-COCONUT GROVE ("Keller"), hereby moves to dismiss Plaintiff's Class Action Complaint for failure to state a claim upon which relief can be granted.

Plaintiff, Josie Williams alleges a claim for violation of 47 U.S.C. § 227(b)(1)(A)(iii), the Telephone Consumer Protection Act ("TCPA"). Williams's one count Class Action Complaint ("Complaint") alleges that she received a single, unsolicited telemarketing text message from Keller. In her Complaint, Williams fails to specify any "information and belief" which form the basis of her conclusory allegations that Keller sent this sole message by use of an "automatic telephone dialing system" (ATDS) in violation of the TCPA. As the Complaint

fails to sufficiently allege that Keller used an ATDS to send the subject text message to Williams, the claim fails as a matter of law and the Complaint must be dismissed.

## RELEVANT ALLEGATIONS

Williams alleges that Keller sent the following unsolicited telemarketing text message to her.



Compl. at ¶ 29.  Williams further alleges that "*upon information and belief*, Defendant caused other text messages to be sent to individuals" and that "[t]he impersonal and generic nature of Defendant's text message demonstrates that Defendant utilized an ATDS in transmitting the message." *Id.* at ¶¶ 33 and 36 (emphasis added).  Williams also alleges that the "number used by Defendant (312-275-3427) is known as a "long code," a standard 10-digit phone number that enabled Defendant to send the SMS text message *en masse*, while deceiving recipients into

2

believing that the message was personalized and sent from a telephone number operated by an individual. *Id.* at ¶ 38. Finally, Williams alleges "*upon information and belief,* Defendant utilized a combination of hardware and software systems to send the text message at issue in this case" and that the "systems utilized by Defendant have the capacity to store telephone numbers using a random or sequential generator, and to dial such numbers without human intervention. *Id.* at ¶ 40 (emphasis added). As discussed in more detail below, these allegations are conclusory, contradictory, unsupported and otherwise fail to even suggest the use of an ATDS sufficient to meet the minimal pleading requirement to state a claim under the TCPA.

## ARGUMENT

### I.  STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* (citing *Twombly*, 550 U.S. at 555). A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. *Id.* at

662. "[I]f allegations are indeed more conclusory than factual then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

## II. PLAINTIFF'S COMPLAINT FAILS TO SUFFICIENTLY ALLEGE THE USE OF AN AUTOMATED TELEPHONE DIALING SYSTEM

"To state a claim for violation of the TCPA, a plaintiff must provide sufficient support of the following elements: (1) a call was made to a cell or wireless phone, (2) by the use of an automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the party called." *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp.3d 1350 (S.D. Fla. Oct. 29, 2018) (internal quotes omitted).

"To sufficiently plead the ATDS element of a TCPA claim, a plaintiff may not merely recite the statutory elements of the use of an ATDS or prerecorded voice without alleging additional facts to support those facts." *Id.* at 1356 (citing *Johansen v. Vivant, Inc.*, 2012 WL 6590551, *3 (N.D. Ill. Dec 18, 2012) ("Use of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details.")).

With respect to the use of an ATDS, Williams alleges: 1) "The impersonal and generic nature of Defendant's text message demonstrates that Defendant utilized an ATDS in transmitting the message;" 2) "the number used by Defendant (312-275-3427) is known as a 'long code,' a standard 10 digit phone number that enabled Defendant to send the SMS text *en masse...*" and 3) "upon information and belief, Defendant utilized a combination of hardware and software systems to send the text message at issue in this case. The systems utilized by Defendant have the capacity to store telephone numbers using a random or sequential generator, and to dial such numbers without human

4

intervention." Compl. at ¶¶ 30, 36, and 38. Importantly, Williams also pleads a screenshot of the subject text message which conversely suggests that an ATDS was <u>not</u> utilized. *Id.* at ¶ 29.

Williams allegations consist of "recitals of [the] cause of action's elements, supported by mere conclusory statements" and as such the Court need not take them as true. *Iqbal*, 556 U.S. at 678. Curiously absent from the Complaint is the "information" upon which William's "beliefs" rest or any facts supporting these conclusory allegations. When you strip away the few conclusory supporting allegations, you are left with no facts to support or suggest the use of an ATDS.

In recent months[1], this Court has addressed the sufficiency of allegations supporting claims of use of an ATDS with respect to TCPA claims. In *Adams*, this Court concluded that plaintiff's complaint included sufficient allegations to support his claim that the calls were autodialed and/or pre-recorded where plaintiff alleged that defendant made upwards of 310 calls to plaintiff's cellular telephone, defendant ignored plaintiff's numerous demands that defendant cease calling, suggesting that the defendant was autodialing plaintiff. *Adams*, 366 F. Supp.3d at 1356.

In *Getz v. DIRECTV, LLC*, this Court recently addressed the sufficiency of allegations of the use of an ATDS finding that "[p]laintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized." 359 F.Supp.3d 1222, 1230 (S.D. Fla. Feb. 20, 2019). In *Getz*, the plaintiff's amended complaint set forth a screenshot of the text message which read "Exede *customers*: Order DIRECTV today and get DIRECTV for $35/mo + free $200 VISA gift card! 150 channels.

---

[1] Since the decision in *ACA International v. Federal Communications Commission*, 885 F.3d 687 (D.C. Cir. Mar. 16, 2018), vacating the FCC's Declaratory Ruling and Order (issued in 2015) interpreting and explaining the TCPA, including the meaning of an ATDS.

Call to order 800-845-1010." *Id.*, Plt. Am. Compl., ECF No. 12 at ¶ 35. (emphasis added). Ultimately, the Court found that plaintiff sufficiently alleged a claim for the TCPA and that the allegations suggested a text message was sent to a mass audience by an autodial function where the complaint: 1) included of a screenshot of the subject text message; 2) alleged that the impersonal and generic nature of the text message demonstrate the use an ATDS; 3) alleged the use of a "long code" to send text messages *en masse;* and 4) alleged the use of a combination of hardware and software systems "which have the capacity to generate or store random or sequential numbers or to dial sequentially or randomly in an automated fashion without human intervention." *Id.*

Most recently, in *Wijesinha v. South Florida MGS, LLC*, this Court concluded that plaintiff plausibly alleged the use of an ATDS where plaintiff alleged that the subject text message does not provide any identifiable characteristic of the intended recipient, is impersonal and generic, and includes an "opt-out feature and was sent from a "long code" phone number. *Wijesinha v. South Florida MGS, LLC*, No. 19-cv-20744, 2019 WL 2610523, at *2 (S.D. Fla. June 4, 2019).

The constant in Florida district court cases denying motions to dismiss for failure to state a claim under the TCPA, is the courts' ability to point to "supporting details" to the facts which themselves are elements of the claim. For example, courts have found the number of calls/texts, especially combined with allegations that the messages persisted after demands to cease, weigh in favor of suggesting the use of an automated dialer. *See e.g., Adams*, 366 F. Supp.3d at 1356 (Finding that plaintiff's allegations that defendant made upwards of 310 calls to plaintiff's cellular telephone and that defendant ignored plaintiff's numerous demands that defendant suggested that defendant was autodialing Plaintiff.); *Melvin v. Ocwen Loan Servicing*, No. 18-cv-1911, 2019 WL 1980605 (M.D. Fla. May 3, 2019) (Finding complaint sufficiently alleged the use of an ATDS where plaintiff alleged

6

defendant "made over eighty calls, continued those calls after several demands to stop them, he heard silence and a clicking sound once he answered the phones, which may suggest the use of an ATDS.")

Florida district courts have also found the content of messages to raise an inference that an automated dialer was utilized. Specifically, courts have found complaints including screenshots of the messages sent depicting the generic and impersonal nature of the wording of the message and/or the presence marketing promo codes or reply codes suggest the messages were sent to a mass audience by an autodial function. *See e.g., Ramos v. PH Homestead, LLC*, 358 F.Supp.3d 1355, 1363 (S.D. Fla. Jan. 25, 2019) (finding that plaintiff "sufficiently alleged that the [t]ext [m]essage was sent by autodialing, based on the presence of marketing promo codes and a website in the [t]ext [m]essage, and the 'impersonal and generic nature' of the wording, all suggesting that the [t]ext [m]essage was sent to a mass audience by an autodial function."); *Wijesinha*, 2019 WL 2610523, at *2 (Noting, *inter alia*, that "[p]laintiff alleged that the text message does not provide any identifiable characteristic of the intended recipient, is impersonal and generic, and includes an 'opt-out' feature."); *Getz*, 359 F.Supp.3d 1222.

However, the subject Complaint lacks any of the hallmarks routinely identified by this Court as suggesting the use of an ATDS. Here, Williams alleges that a *single* text message was sent and includes a screenshot of that message. Compl. at ¶ 30. The text of the subject message reads: "Good afternoon, **Josie,** quick question, are you still looking to sell your property in the Miami area? **Richard Kallabat.**" *Id.* (emphasis added). Williams's conclusory allegation that the "impersonal and generic nature of the Defendant's text message demonstrates that Defendant utilized an ATDS" conflicts with and is instead proven false by the content of the text message which is plead in the Complaint. Compl. at ¶¶ 30 and 36. The sole text message sent to Williams, is anything but "impersonal" as it addresses Williams by her first name and identifies the name of the individual

7

sending the message. There is nothing "generic" about the message. The message is devoid of any marketing materials, promo codes, opt-out features or other information to suggest that it was sent *"en mass"* or by use of an ATDS.

Here, the only non-conclusory, supporting fact pled by Williams is the screenshot of the subject text message which suggests an ATDS was not used. This fact implores the Court not to assume the truth of the remaining unsupported, conclusory allegations of the use of an ATDS. In sum, Williams has failed to plead "factual content that allows the court to draw the reasonable inference" that an ATDS was utilized and that Keller is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Accordingly, Williams has failed to sufficiently state a claim for relief under the TCPA and the Court must dismiss the Complaint.

WHEREFORE, Defendant, CGCG REAL ESTATE, LLC d/b/a KELLER WILLIAMS CORAL GABLES-COCONUT GROVE, requests that this court grant its Motion to Dismiss Plaintiff's Class Action Complaint and grant any other and further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

LITCHFIELD CAVO LLP
*Attorneys for CGCG Real Estate, LLC d/b/a Keller Williams Coral Gables-Coconut Grove*
Radice Corporate Center
600 Corporate Drive, Suite 600

Fort Lauderdale, Florida 33334
(954) 689-3000 - Office
(954) 689-3001 – Facsimile
E-Mail: passaro@litchfieldcavo.com
E-Mail: vance@litchfieldcavo.com
E-Mail: donaldson@litchfieldcavo.com
E-Mail: spector@litchfieldcavo.com

By: /s/ Morgan F. Spector, Esq.
Geralyn M. Passaro
Florida Bar No: 613533
Morgan F. Spector
Florida Bar No.: 050670

## SERVICE LIST
### Williams v. CGCG Real Estate, LLC, etc.
### Case No.: 2019-CV-61467

| **Counsel for Defendant CGCG Real Estate, LLC, d/b/a Keller Williams Coral Gables-Coconut Grove:** | **Counsel for Plaintiff and Class:** |
|---|---|
| Geralyn Passaro, Esq. | Andrew J. Shamis, Esq. |
| Morgan F. Spector, Esq. | Garrett O. Berg, Esq. |
| Litchfield Cavo LLP | Shamis & Gentile, P.A. |
| Radice Corporate Center | 14 NE 1st Ave |
| 600 Corporate Drive, Suite 600 | Suite 1205 |
| Fort Lauderdale, FL 33334 | Miami, FL 33132 |
| Tel: 954.689.3011 | Tel: 305.297.2253 |
| Fax: 954.689.3001 | E-Mail: ashamis@shamisgentile.com |
| E-mail: passaro@litchfieldcavo.com | E-Mail: gberg@shamisgentile.com |
| E-Mail: donaldson@litchfieldcavo.com | |
| E-Mail: spector@litchfieldcavo.com | Scott Adam Edelsberg, Esq. |
| | Jordan David Utanski, Esq. |
| | Edelsberg Law P.A. |
| | 19495 Biscayne Blvd. |
| | Suite #607 |
| | Aventura, FL 33180 |
| | Tel: 305.773.6732 |
| | Email: utanski@edelsberglaw.com |
| | Email: scott@edelsberglaw.com |