UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO 0:19-CV-61467-WPD

JOSIE WILLIAMS,
individually and on behalf of all others
similarly situated,

**CLASS ACTION**

*Plaintiff,*

v.

CGCG REAL ESTATE, LLC d/b/a KELLER
WILLIAMS CORAL GABLES-COCONUT
GROVE,

*Defendant,*

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

Defendant, CGCG REAL ESTATE, LLC d/b/a KELLER WILLIAMS CORAL GABLES-COCONUT GROVE ("Keller"), hereby serves its Answer and Affirmative Defenses to Plaintiff's Amended Class Action Complaint (the "Complaint") (D.E. 15) and states as follows:

1. Paragraph 1 of the Complaint contains a characterization of this action to which no response is required. To the extent a response is required, Keller admits Plaintiff purports to bring this putative action pursuant to the Telephone Consumer Protection Act ("TCPA"). By way of further response, Keller denies that Plaintiff is entitled to the relief sought in the Complaint.

2. Admitted that Keller is a Florida real estate franchise. Keller denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Keller admits that Plaintiff purports to seek injunctive and statutory relief but denies that Plaintiff is entitled to the relief sought. Keller denies the remaining allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Keller admits that jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Keller denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Keller denies the allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6.      Keller denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Keller admits that its principal office is located at 550 Biltmore Way, PH 2 A&B, Coral Gables, Florida 33134. Keller denies the remaining allegations contained in Paragraph 7 of the Complaint.

## TCPA

8.      The statute referenced in Paragraph 8 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 8 of the Complaint.

9.      The statute referenced in Paragraph 9 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 9 of the Complaint.

10.     The case referenced in Paragraph 10 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 10 of the Complaint.

11.     The order referenced in Paragraph 11 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 11 of the Complaint.

12.     The order referenced in Paragraph 12 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 12 of the Complaint.

13.     The order referenced in Paragraph 12 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 13 of the Complaint.

14.     The regulations and case referenced in Paragraph 14 of the Complaint speak for themselves and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 14 of the Complaint.

15.     The case referenced in Paragraph 15 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 15 of the Complaint.

16.     The case, regulations and order referenced in Paragraph 16 of the Complaint speak for themselves and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 16 of the Complaint.

17.     The order referenced in Paragraph 17 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the

allegations contained in Paragraph 17 of the Complaint.

18. The order referenced in Paragraph 18 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 18 of the Complaint.

19. The order referenced in Paragraph 19 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 19 of the Complaint.

20. The cases referenced in Paragraph 20 of the Complaint speak for themselves and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 20 of the Complaint.

21. The case referenced in Paragraph 21 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 21 of the Complaint.

## **FACTS**

22. Denied.

23. Keller denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Denied.

25. The text message referenced in Paragraph 25 speaks for itself and as such no response is necessary. Keller denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Keller denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's receipt of the subject text message contained in Paragraph

26 of the Complaint. Keller denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Keller denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Keller denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Keller denies the allegations contained in Paragraph 29 of the Complaint.

30. Denied.

31. Denied.

32. Keller denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied, including all subparts.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## CLASS ALLEGATIONS

### PROPOSED CLASS

45. Paragraph 45 of the Complaint contains a characterization of this action to which no response is required. To the extent a response is required, Keller admits that Plaintiff purports to bring this class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and others similarly situated. By way of further response, Keller denies that Plaintiff is entitled to the relief sought in the Complaint.

46. Paragraph 46 of the Complaint contains a statement identifying the proposed class Plaintiff purports to represent in this action to which no response is required. To the extent that a response is required, Keller denies that Plaintiff's proposed class is appropriate for class treatment under Fed. R. Civ. P. 23 and that Plaintiff is entitled to the relief sought in the Complaint.

47. Keller admits that Keller, its employees and agents are excluded from the purported class. Keller denies all remaining allegations contained in Paragraph 47 of the Complaint.

### NUMEROSITY

48. Paragraph 48 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Keller denies the allegations contained in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains legal conclusions to which no response

is required. To the extent a response is required, Keller denies the allegations contained in Paragraph 49 of the Complaint.

### COMMON QUESTIONS OF LAW AND FACT

50. Paragraph 50 of the Complaint, including all subparts, contains legal conclusions to which no response is required. To the extent a response is required, Keller denies the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint, including all subparts, contains legal conclusions to which no response is required. To the extent a response is required, Keller denies the allegations contained in Paragraph 51 of the Complaint.

### TYPICALITY

52. Paragraph 52 of the Complaint, including all subparts, contains legal conclusions to which no response is required. To the extent a response is required, Keller denies the allegations contained in Paragraph 52 of the Complaint.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

53. Paragraph 53 of the Complaint, including all subparts, contains legal conclusions to which no response is required. To the extent a response is required, Keller denies the allegations contained in Paragraph 53 of the Complaint.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

54. Paragraph 54 of the Complaint, including all subparts, contains legal conclusions to which no response is required. To the extent a response is required, Keller denies the allegations contained in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint, including all subparts, contains legal conclusions to which no response is required. To the extent a response is required, Keller denies the

allegations contained in Paragraph 55 of the Complaint.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

56.  Keller reasserts and incorporates its responses set forth in Paragraphs 1 through 55 above as if fully set forth herein.

57.  The statute referenced in Paragraph 57 of the Complaint speaks for itself and as such no response is necessary. To the extent that the response is required, Keller denies the allegations contained in Paragraph 57 of the Complaint.

58.  Denied.

59.  Denied.

60.  Denied.

61.  Denied.

62.  Denied.

## COUNT II
### Knowing and/or Willful Violation of TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

63.  Keller reasserts and incorporates its responses set forth in Paragraphs 1 through 56 above as if fully set forth herein.

64.  Denied.

65.  Denied.

66.  Denied.

67.  Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims of Plaintiff and/or the putative class members are barred as the Plaintiff and/or the putative class members lack standing to pursue claims against Keller because the Plaintiff and/or the putative class members have not incurred any injury or loss.

### Second Affirmative Defense

The claims of Plaintiff and/or the putative class members are barred to the extent that Plaintiff and/or the putative class members gave consent to receive text messages from Defendant.

### Third Affirmative Defense

The claims of Plaintiff and/or the putative class members are barred by the doctrines of waiver and estoppel.

### Fourth Affirmative Defense

The claims of Plaintiff and/or the putative class members are barred by their failure to mitigate, reduce or avoid damages or injuries, which Keller denies she sustained.

### Fifth Affirmative Defense

An award of statutory or punitive damages against Keller would be unconstitutional and/or excessive in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### Sixth Affirmative Defense

This action is barred, in whole or in part, because Plaintiff's causes of action are not maintainable as a class pursuant Fed. R. Civ. P. 23, as there are not sufficiently common issues as to the individual members of the purported class and the named Plaintiff is not adequate, typical, suitable or appropriate representative of the purported class.

Defendant reserves the right to amend its affirmative defenses pursuant to applicable Federal Rules of Civil Procedure.

WHEREFORE, Defendant, demands judgment in its favor, dismissing the Complaint, awarding it attorney's fees, costs and disbursements incurred in this action pursuant to applicable federal and Florida law and awarding such other further relief as the Court deems necessary and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

LITCHFIELD CAVO LLP
*Attorneys for CGCG Real Estate, LLC d/b/a Keller Williams Coral Gables-Coconut Grove*
Radice Corporate Center
600 Corporate Drive, Suite 600
Fort Lauderdale, Florida 33334
(954) 689-3000 - Office
(954) 689-3001 – Facsimile
E-Mail: Passaro@LitchfieldCavo.com
E-Mail: Vance@LitchfieldCavo.com
E-Mail: Donaldson@LitchfieldCavo.com
E-Mail: Spector@LitchfieldCavo.com

By: /s/ Morgan F. Spector, Esq.
    Geralyn M. Passaro
    Florida Bar No: 613533
    Morgan F. Spector
    Florida Bar No.: 050670

## SERVICE LIST

### Williams v. CGCG Real Estate, LLC, etc.
### Case No.: 2019-CV-61467

| **Counsel for Defendant CGCG Real Estate, LLC, d/b/a Keller Williams Coral Gables-Coconut Grove:** <br> Geralyn Passaro, Esq. <br> Morgan F. Spector, Esq. <br> Litchfield Cavo LLP <br> Radice Corporate Center <br> 600 Corporate Drive, Suite 600 <br> Fort Lauderdale, FL 33334 <br> Tel: 954.689.3011 <br> Fax: 954.689.3001 <br> E-mail: Passaro@LitchfieldCavo.com <br> E-Mail: Donaldson@LitchfieldCavo.com <br> E-Mail: Spector@litchfieldCavo.com | **Counsel for Plaintiff and Class:** <br> Andrew J. Shamis, Esq. <br> Garrett O. Berg, Esq. <br> Shamis & Gentile, P.A. <br> 14 NE 1st Ave <br> Suite 1205 <br> Miami, FL 33132 <br> Tel: 305.297.2253 <br> E-Mail: ashamis@shamisgentile.com <br> E-Mail: gberg@shamisgentile.com <br><br> Scott Adam Edelsberg, Esq. <br> Jordan David Utanski, Esq. <br> Edelsberg Law P.A. <br> 19495 Biscayne Blvd. <br> Suite #607 <br> Aventura, FL 33180 <br> Tel: 305.773.6732 <br> Email: utanski@edelsberglaw.com <br> Email: scott@edelsberglaw.com |